IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>     *Plaintiff,*<br><br>   v.<br><br>SANN THACH,<br>     *Defendant.* | Criminal No. 07-087-1 |

MEMORANDUM

COSTELLO, J.                                                                                                        August 28, 2025

Petitioner Sann Thach, a citizen of Cambodia, was convicted at trial of drug trafficking. Now, more than 15 years after his conviction, and facing deportation to Cambodia, Thach asks the Court to vacate his already completed sentence and seal all records of his conviction "to restrict ICE access to this private matter." ECF No. 143 at 12. The Court decline's Thach's request. Thach has identified no valid legal basis to grant him the relief he seeks. Accordingly, the Court will deny Thach's pro se 2255 motion.

I.     BACKGROUND

Thach is a citizen of Cambodia. He came to the United States when he was 10 years old and became a lawful permanent resident in 1993. Subsequently, he earned numerous criminal convictions, including, convictions for theft and possession of a firearm by a felon. As a result, on July 3, 2003, an immigration judge ordered Thach removed from the United States. However, because immigration authorities were not immediately able to deport Thach to Cambodia, Thach was granted immigration parole.

In 2007, while on immigration parole, Thach participated in a drug trafficking conspiracy involving approximately 2.10 kilograms of MDMA and methamphetamine. As a result, Thach

was charged with conspiracy and possession with intent to distribute. A jury convicted Thach of the charges after a two-day trial. On December 10, 2008, Thach received a sentence of 262 months in prison. The Court of Appeals for the Third Circuit affirmed his conviction and sentence on January 5, 2011.

On June 2, 2025, Thach filed a *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Thach completed the sentence arising from his drug trafficking conviction but is currently in immigration custody pending his deportation to Cambodia.

## II.   DISCUSSION

### A.   Thach's Ineffectiveness Claim

In his 2255 motion, Thach claims he is being held in violation of the Constitution, laws or treaties of the United States because he was not advised of the immigration consequences of his 2008 drug trafficking conviction. However, Thach cannot blame his trial counsel for his immigration troubles. As an initial matter, Thach was ordered removed in 2003 based on the criminal convictions he earned years before. Conceivably, then, Thach would be subject to removal regardless of his drug trafficking conviction. However, even putting that aside, Thach is not entitled to relief because he has failed to provide any valid basis for finding his trial counsel ineffective.

In *Padilla v. Kentucky*, 559 U.S. 356 (2010), the Supreme Court held that defense counsel engaged in deficient performance by failing to advise Padilla, a native of Honduras, that his plea of guilty made him subject to automatic deportation. Padilla claimed that his counsel not only failed to advise him of this consequence but also told him that he had no reason to worry about his immigration status. *Id.* at 359. Padilla relied on his counsel's erroneous advice when he pleaded guilty and alleged that he would have insisted on going to trial if he had not received

incorrect advice from his attorney. *Id.* The Supreme Court "agree[d] with Padilla that constitutionally competent counsel would have advised him that his conviction for drug distribution made him subject to automatic deportation," but declined to address whether Padilla was prejudiced by defense counsel's deficient performance. *Id.* at 360.

Here, Thach did not plead guilty, which would have required him to waive certain rights, including the right to be tried by a jury. Instead, unlike Padilla, Thach exercised his rights and elected to take his chances at trial. Thach offers no legal authority applying the holding in *Padilla v. Kentucky* to a case in which the defendant exercised his constitutional right to a trial by jury. There is good reason for that. Padilla argued that if he had known the immigration consequences of a conviction, he would have insisted on going to trial, which is exactly what Thach did here. Thus, the holding in *Padilla* does not apply, and the Court is not aware of any legal authority to the contrary. Nor is the Court aware of any practical rationale for extending the holding of *Padilla* to the circumstances of this case.[1]

Even if Thach could establish that his defense attorney gave him bad advice or failed to give him good advice, Thach cannot show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). Thach does not explain what he would or could have done differently had he been counseled about the immigration consequences of a drug trafficking conviction. He was going to have to resolve the charges one way or another, either by guilty plea or trial. Short of an acquittal at trial -- which did not occur here -- Thach

---

[1] It is also worth noting, as the government points out, that *Padilla* was decided in 2010 while Thach was convicted in 2008. The Supreme Court has held that the holding in *Padilla* does not apply retroactively. *Chaidez v. United States*, 568 U.S. 342 (2013). Therefore, *Padilla* is no help to Thach even if the Court were inclined to find that it applied here.

3

would be convicted either way. Once convicted, either by guilty plea or at trial, Thach would be subject to removal. Thus, Thach is unable to show that the outcome of his case would be different absent trial counsel's alleged errors, and his ineffectiveness claim fails.

### B.   Timeliness

While debatable, the government has elected not to contest the timeliness of Thach's ineffective assistance of counsel claim. Thach points to his arrest by ICE agents in March 2025 as a new "fact" supporting this claim. According to Thach, before his immigration arrest, he was not aware of the immigration consequences of his 2008 conviction. This seems unlikely given Thach's prior order of removal stemming from his previous convictions. However, because the government does not contest it, and because Thach's claim fails on the merits in any event, the Court will not address the timeliness of Thach's claim for ineffective assistance of counsel based on the immigration consequences of his conviction.

However, Thach raised a host of other issues in his reply brief, including that he did not "consent" to the trial proceedings, that he did not trust his trial counsel, and that counsel failed to move to suppress the drug evidence presented at trial. These other claims are clearly barred by the 1-year period of limitations provided for in 28 U.S.C. § 2255, and the Court declines to address them further.

### C.   Motion to Seal

In his 2255 motion, Thach asks the Court to seal his conviction "due to ongoing ICE detention and serious immigration harm." ECF No. 143 at 12. Thach has failed to identify any valid legal basis to seal the record of his conviction. Therefore, the Court denies this request.

### III.   CONCLUSION

Thach has failed to satisfy his burden of establishing ineffective assistance of counsel with respect to his drug trafficking conviction and has failed to raise any other valid legal basis to grant the relief he seeks.  Accordingly, his motion will be denied in its entirety.  Because Thach has failed to make even a substantial showing of a denial of any constitutional right, no certificate of appealability will issue.

An appropriate order follows.

**BY THE COURT:**

_____
MARY KAY COSTELLO, J.